IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Juanita Jackson, | ) |
| | ) |
| Plaintiff, | ) C.A. No. 4:15-5033-BHH-KDW |
| | ) |
| v. | ) Report and Recommendation |
| | ) |
| South Carolina Department of Disabilities and Special Needs, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Juanita Jackson ("Jackson" or "Plaintiff"), filed this action against her former employer, South Carolina Department of Disabilities and Special Needs ("Defendant" or "SCDDSN"), asserting claims under Title I of the Americans with Disabilities Act of 1990 ("ADA Title I"), 42 U.S.C. §§ 12111, *et seq*; Title II of the Americans with Disabilities Act of 1990 ("ADA Title II"), 42 U.S.C. §§ 12131, *et seq*.; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*. as applied through 28 C.F.R. Part 35 Section 504 ("Rehabilitation Act"); and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq*. ("ADEA"). In response to Plaintiff's Complaint, ECF No. 1, Defendant initially filed an Answer on February 2, 2016, ECF No. 12. Defendant then filed an Amended Answer, ECF No. 12, as well as a Motion for Judgment on the Pleadings, ECF No. 13. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation ("Report") on Defendant's Motion for Judgment on the Pleadings, in which it seeks dismissal of all of Plaintiff's causes of action. Plaintiff filed a responsive memorandum, ECF No. 15, to which Defendant filed a Reply, ECF No. 21. Having reviewed the parties' submissions and the

applicable law, the undersigned recommends that Defendant's Motion for Judgment on the Pleadings, ECF No. 13, be granted and this matter be dismissed.

I.   Background and Standard of Review

Plaintiff was employed by SCDDSN in a "direct care position" until her termination on November 1, 2013. *See* Compl., ECF No. 1; Charge of Discrimination, ECF No. 13-2.[1] Plaintiff claims she was discriminated against on account of a disability and on account of her age. *See* Charge. In its Rule 12(c) Motion for Judgment on the Pleadings, SCDDSN seeks dismissal on several legal grounds and based on affirmative defenses.

The standard of review for a motion seeking judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) motion is the same as that for Rule 12(b)(6) motions to dismiss for failure to state a claim. *Butler v. United States,* 702 F.3d 749, 751–52 (4th Cir. 2012). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

When considering this motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v.*

---

[1] Plaintiff's termination date is not included in her Complaint; however, it is found in the Charge of Discrimination ("Charge") she filed with the South Carolina Human Affairs Commission ("SCHAC") on June 19, 2014. Defendant has provided a copy of that Charge with its Motion for Judgment on the Pleadings, and the court may take judicial notice of the Charge and its content. *See Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) (noting court may take notice of matters of public record and those attached to complaint and Rule 12 motions, so long as authentic and integral to the complaint).

*Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

II.     Analysis

    A.     Defendant Claims Eleventh Amendment Immunity

SCDDSN claims the Eleventh Amendment to the U.S. Constitution bars Plaintiff's causes of action brought pursuant to Title I of the ADA and the ADEA. The Eleventh Amendment provides immunity to nonconsenting states and their agencies from suits by private citizens in federal court. *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997). Plaintiff acknowledges in her Complaint that SCDDSN is a South Carolina state agency. Compl. ¶ 2; *see SCDDSN v. Hoover Universal, Inc*., 535 F.3d 300, 308 (4th Cir. 2008) (noting SCDDSN is an "integral arm[] of the State."). Only if Congress has appropriately abrogated that immunity does federal jurisdiction exist as to suits against such states and state entities. *See Bd. of Trustees of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001) ("Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and 'act[s] pursuant to a valid grant of constitutional authority.'") (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000)).

        1.     ADA Title I

As explained by the Supreme Court of the United States, "the ADA is designed 'to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.' It forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services,

programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004) (quoting 42 U.S.C. §§ 12101(b)(1), (b)(4)). Here, Plaintiff brings causes of action pursuant to the ADA's Title I and Title II. Defendant seeks dismissal of both, but on different grounds. Defendant's challenge to the ADA Title II claim is discussed separately below.

Defendant submits state agencies cannot be sued for claims brought under ADA's Title I based on the Supreme Court's decision in *Garrett*, 531 U.S. 356, in which the Court held that Congress had not validly abrogated Eleventh Amendment immunity in the passage of the ADA. Def.'s Mem. 2-3. In response, Plaintiff does not address the *Garrett* decision in any manner. Rather, she looks the Court's 2000 opinion in *Kimel*, 528 U.S. 62, in which the Court had determined Congress did not appropriately abrogate immunity in passing the ADEA, arguing some post-*Kimel* decisions had not found the *Kimel* Court's determination as to ADEA claims applicable to ADA claims. Pl.'s Mem. 3-6.

Although the cases Plaintiff cites did find Congress had appropriately waived Eleventh Amendment immunity as to the ADA, Plaintiff's argument fails because those cases were decided in 2000, prior to the Supreme Court's 2001 decision in *Garrett*. The *Garrett* Court's holding is clear: Congress exceeded its bounds when attempting to waive the states' Eleventh Amendment immunity in Title I of the ADA. 531 U.S. at 368-74. Plaintiff's ADA Title I cause of action should be dismissed.

### 2. ADEA

Defendant claims immunity as to Plaintiff's ADEA claim as well, arguing that cause of action should be dismissed based on the Court's decision in *Kimel,* 528 U.S. at 91. In responding to Defendant's Motion, Plaintiff cites *Kimel* in the context of arguing it does not apply to her

4

ADA Title I claim, but nowhere does she dispute its applicability to her ADEA claim. Pl.'s Mem. 3-6. Although not expressly so stating, it appears Plaintiff has conceded this legal point. In any event, without question, the *Kimel* Court held that Congress had *not* validly abrogated the states' Eleventh Amendment immunity. *Kimel*, 528 U.S. at 73-76. Plaintiff's ADEA claim should be dismissed.

      B.      ADA Title II

While ADA Title I applies to claims in the employment setting, ADA Title II relates to "public services, programs, and activities[.]"*Lane*, 541 U.S. at 516-17. Defendant submits Plaintiff's ADA Title II claim should be dismissed as a matter of law as Title II does not apply to claims brought in the employment setting. Prior to the decision of Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *Reyazuddin v. Montgomery County, Maryland*, 789 F.3d 407 (4th Cir. 2015), courts were divided as to whether Title II of the ADA applied to employment discrimination claims brought by public employees. *See id.* at 419-20 (noting circuit split). In *Reyazuddin*, though, the Fourth Circuit joined the majority of other circuit courts and held that ADA's Title II "unambiguously does not provide a vehicle for public employment discrimination claims." 789 F.3d at 421.

Without acknowledging the *Reyazuddin* case, Plaintiff looks to three Fourth Circuit opinions rendered years before *Reyazuddin* as support for her claim that "it is apparent that Title II encompasses employment discrimination claims against public entities." Pl.'s Mem. 6-7 (citing generally to *Rogers v. Dept. of Health and Environ. Control*, 174 F.3d 431 (4th Cir. 1999); *Burke v. Commonwealth of Va.*, No. 96-1709, 1997 WL 303349 (4th Cir. June 6, 1997); and *Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261 (4th Cir. 1995)).

These cases pre-date *Reyazuddin* by many years, however, and Plaintiff has proffered no cogent argument that the undersigned should not follow the clear precedent the Fourth Circuit provided in *Reyazuddin*. In fact, the *Reyazuddin* court acknowledged the two published cases cited by Plaintiff, noting the decisions in *Doe* and *Rogers* did not compel a different result. 789 F.3d at 421. Plaintiff's ADA Title II cause of action should be dismissed as a matter of law.

C.    Rehabilitation Act

Defendant does not claim immunity as to Plaintiff's Rehabilitation Act claim, but asserts that cause of action is time-barred. Def.'s Mem. 4-5. Both parties agree that the Rehabilitation Act does not include an express statute of limitations and that, to determine the appropriate limitations period, the court looks to "the most appropriate or analogous statute of limitations derived from the state law most applicable to this federal statute[.]" *Childers v. Cnty. of York, SC,* No. 0:06–897–CMC, 2008 WL 552879, at *10 (D.S.C. Feb. 26, 2008) (citing 42 U.S.C. § 1988(a); *Wilson v. Garcia,* 471 U.S. 261, 268 (1985)). *See also Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 223 (4th Cir. 1993) (finding Virginia's Human Affairs Law was most analogous to the Rehabilitation Act and applying Virginia's one-year limitations period). However, the parties disagree as to which of South Carolina's laws is "most applicable or analogous" to the Rehabilitation Act claim.

Plaintiff's discrimination took place on November 1, 2013, the date on which she was terminated. *See* SHAC Charge. She filed this litigation on December 23, 2015. SCDDSN submits the one-year statute of limitations[2] found in South Carolina's Human Affairs Law ("SCHAL") applies to Plaintiff's Rehabilitation Act claim, making it untimely. Plaintiff disagrees, arguing South Carolina "does not have a statute modeled after and practically identical

---

[2] SCHAL provides that a claimant may file a lawsuit within one year from the date of the violation alleged. *See* S.C. Code Ann. §§ 1-13-90(d)(7) and (8), (e) and (f).

6

to the Rehabilitation Act[,]" and submits the court should apply South Carolina's three-year statute of limitations that is applicable to personal injury claims. Pl.'s Mem. 7-8.[3] Based on the three-year statute, Plaintiff's claim would have been timely filed. In support of her argument, Plaintiff cites cases decided in the 1990s by the Second, Fifth, and Sixth Circuits. *See id.*

As noted in *Mestrich v. Clemson University*, No. CA 8:12-2766-TMC, 2013 WL 842328 (D.S.C. Mar. 6, 2013), the Fourth Circuit has not followed those circuits that "have characterized discrimination claims under Section 504 [of the Rehabilitation Act] as claims for personal injury and have borrowed the personal injury statute of limitations." 2013 WL 842328, at *2. Rather, the Fourth Circuit has found SCHAL most analogous in employment-discrimination cases. *E.g. Moore v. Greenwood Sch. Dist. No. 52,* 195 F. App'x 140, 2006 WL 2385268 (4th Cir. Aug.18, 2006) (applying one-year limitations period found in SCHAL to a Title IX claim for employment discrimination because SCHAL was most analogous). As the court noted in *Cockrell v. Lexington County School District One*, No. 3:11-CV-2042-CMC, 2011 WL 5554811 (D.S.C. Nov. 15, 2011), "SCHAL was passed by the South Carolina Legislature specifically to address claims of discrimination occurring in South Carolina, including discrimination based on disability." *Id.* at *11 (citing S.C. Code Ann. § 1-3-10, *et seq.*).

The undersigned agrees that SCHAL is South Carolina's state statutory scheme most closely analogous to Plaintiff's Rehabilitation Act claim. Accordingly, SCHAL's one-year limitations period should be applied here. Because Plaintiff waited over two years to file this action, her Rehabilitation Act claim is untimely and should be dismissed as a matter of law.

---

[3] Plaintiff begins her argument by stating Defendant has "offer[ed] no precedent to support" its argument that the one-year limitations period applies. Pl.'s Mem. 7. To the contrary, Defendant offers a reasoned legal argument citing to various cases in support of its defense. Def.'s Mem. 5-6. In addition, Plaintiff inexplicably mentions a federal statute that applies a four-year limitations period to claims brought under statutes enacted by Congress after December 1, 1990. Pl.'s Mem. 7. The Rehabilitation Act was enacted in 1973.

D.     Service of Process

Defendant also briefly argues Plaintiff's Complaint should be dismissed for insufficient process, arguing SCDDSN was not served as required by the applicable procedural rules. Def.'s Mem. 6-7. In response, Plaintiff does not contest Defendant's allegation, but indicates she would effect proper service, thereby curing any deficiency and making this issue moot. Pl.'s Mem. 8. Defendant does not address this ground in its Reply, which the undersigned takes as an acknowledgment that proper service has now been effected, or that Defendant now waives this portion of its Motion. Further, based on the recommended dismissal of Plaintiff's Complaint as discussed above, this issue becomes moot.

III.    Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends Defendant's Motion for Judgment on the Pleadings, ECF No. 13, be *granted*, and this matter be dismissed.

IT IS SO RECOMMENDED.

June 15, 2016                                                                                  Kaymani D. West
Florence, South Carolina                                                       United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**